## A. D. GEOHEGAN *v.* CATHERINE MARSHALL.

ADVERSE POSSESSION; EFFECT THEREOF.   *Need not immediately precede suit.*

   To create title to land by adverse possession, it is not necessary that the possession be continuous up to the time suit is begun therefor.   Possession at any time before suit for the requisite period gives perfect title, and it is not affected by a subsequent vacancy in the possession.

FROM the circuit court of Jefferson county.

HON. RALPH NORTH, Judge.

This is an ejectment suit instituted in 1884 by the appellee, Mrs. Marshall, against the appellant, Geohegan.   It has been several times tried and the record is very voluminous.   The first, as likewise the second trial, resulted in favor of the defendant, Geohegan, the verdict in each case being set aside and a new trial awarded. A third trial resulted in a verdict and judgment for the plaintiff, Mrs. Marshall, but this judgment was reversed on appeal to this court and the cause remanded for another trial.

The defendant relies upon title acquired by continuous and adverse possession of the land under a claim of ownership for more than ten years, basing his original claim upon a parol gift from one Stampley, the ancestor of appellee.   The plaintiff shows a right to recover, unless the defendant establishes his defence of title by adverse possession.   In this attitude of the case the court granted, among others, the following instructions for the plaintiff:

1. " The court instructs the jury that in this case the plaintiff is entitled to recover, unless the defendant has proven to their satisfaction, and by a clear preponderance of evidence that he has been in open, notorious and undisputed possession of the property in controversy for ten years next before the institution of this suit—to wit, 10th May, 1884, claiming the same as owner and exercising exclusive acts of ownership over the same.

2. The court instructs the jury for the plaintiff that the evidence introduced by her entitles the plaintiff to a verdict in her favor, and before a verdict can be returned against her it devolves upon the defendant to show by a preponderance of evidence that he has been in the actual adverse possession of the land, claiming it continuously as his own, as against any one else, for the period of ten years next before the commencement of this suit, and if the defendant by such preponderance has failed to satisfy the jury they will find for the plaintiff."

As the opinion is limited to a consideration of these two instructions, it is not deemed necessary to further state the facts.

*J. J. Whitney* and *Hooker & Hooker*, for the appellant.

. It was erroneous to instruct the jury that defendant must show adverse possession for a period of ten consecutive years immediately preceding the beginning of the suit. Ten years' possession once completed vests perfect title. It need not be continued to the time of the institution of the suit. After ten years of adverse possession the land belongs to the possessor by a complete title, unaffected by subsequent interruption. *Davis* v. *Bowman*, 55 Miss. 671 ; *Jones* v. *Brandon*, 59 Ib. 585 ; *Washburne* v. *White*, 62 Ib. 545.

*C. E. Hooker, Sr.*, of counsel for appellant, made an oral argument.

*H. Cassedy*, for appellee.

The evidence develops that the claim of adverse possession is absolutely without merit, and the jury who passed upon this so regarded it. The plaintiff had shown a perfect title, and this court said, in its opinion on the former appeal, "the real controversy was that of adverse possession." Hence the plaintiff asked and had given the instructions no. 1 and no. 2, which propounded the issue correctly.

*H. Cassedy* also made an oral argument.

Cooper, J., delivered the opinion of the court.

The first and second instructions given for the plaintiff are erroneous. If the defendant was in adverse possession of the lands in controversy for the period of time necessary to create title, it is immaterial whether that possession immediately preceded the institution of plaintiff's action. It is sufficient if at any time there was such possession under a parol gift, for its effect would be to transfer the title of the donor to the possessor, who would thus become owner, and a vacancy in the possession thereafter intervening would not affect the perfect title already vested. The question involved is whether the defendant is the owner of the land by adverse possession, and not when he became such owner.

*The judgment is reversed and cause remanded.*